**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000023
31-MAR-2022
07:52 AM
Dkt. 42 SO**

NO. CAAP-21-0000023

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


PM, Appellant-Appellant,
v.
CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAII AND EM,
Appellees-Appellees.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. FC-AP 20-1-6004)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)


In this secondary agency appeal, self-represented Appellant-Appellant PM (**Father**), appeals from the "Decision and Order Affirming the Administrative Findings and Order Filed July 8, 2020" (**Decision and Order**) and the "Notice and Judgment on Appeal" (**Judgment**), both filed on December 21, 2020 by the Family Court of the First Circuit (**Family Court**).[1] The underlying appeal to the Family Court challenged a July 8, 2020 Administrative Findings and Order (**Administrative Order**), filed by the Office of Child Support Hearings (**OCSH**), which denied Father's request to modify monthly child support payments. On December 21, 2020, the Family Court issued its Decision and Order, and Judgment, from which Father timely appealed.[2]

---

[1] The Honorable Christine E. Kuriyama presided.

[2] Father's opening brief contains no record references as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(3), (4)(ii)-(iii), and (4)(C). Nevertheless, to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-
(continued...)

On appeal, Father contends: (1) the OCSH Hearings Officer (**Hearings Officer**) failed to calculate the correct number of days pursuant to the 2014 Child Support Guidelines (**Guidelines**) per the "Order RE Evidentiary Hearing on Final Divorce"[3] and the May 15, 2019 divorce decree (**Divorce Decree**); and (2) the Hearings Officer "failed to enforce HRS § 576D-7."[4]

---

[2](...continued) represented litigants should not be automatically foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we address Father's appeal on the merits to the extent feasible and practicable.

[3] The "Order RE Evidentiary Hearing on Final Divorce" is not included in this record.

[4] Hawaii Revised Statutes (**HRS**) § 576D-7 (2018), entitled "Guidelines in establishing amount of child support," provides in pertinent part:

> (a) The family court, in consultation with the agency, shall establish guidelines to establish the amount of child support when an order for support is sought or being modified under this chapter. The guidelines shall be based on specific descriptive and numeric criteria and result in a computation of the support obligation. . . .
>
> [(A list of criteria is set forth in subsections (a)(1) - (a)(9))]
>
> (b) The guidelines shall be:
>
> . . . .
>
> > (5) Transmitted to the agency and all family court judges when available or updated, and shall be considered by the judges in the establishment of each child support order.
>
> . . . .
>
> (d) The establishment of the guidelines or the adoption of any modifications made to the guidelines set forth in this section may constitute a change in circumstances sufficient to permit review of the support order. A material change of circumstances will be presumed if support as calculated pursuant to the guidelines is either ten per cent greater or less than the support amount in the outstanding support order. The most current guidelines shall be used to calculate the amount of the child support obligation.
>
> (e) The responsible or custodial parent for which child support has previously been ordered shall have a right to petition the family court or the child support enforcement agency not more than once every three years for review and adjustment of the child support order without having to show a change in circumstances. The responsible or custodial parent shall not be precluded from petitioning the family court or the child support enforcement agency for review and

(continued...)

We construe Father's contentions as also challenging the Family Court's affirmance of the Hearings Officer's Administrative Order.

Upon careful review of the record and the brief submitted by Father,[5] the supplemental briefs submitted by the CSEA and Mother,[6] and having given due consideration to the arguments advanced and the issues raised, we resolve Father's points of error as follows, and affirm.

The background of this case is set forth in the Family Court's Decision and Order, which Father does not dispute. Father and Mother have one child (**Child**) together, born in 2013. On May 15, 2019, the Family Court's Divorce Decree ordered, in relevant part:  sole physical custody of Child to Mother, subject to Father's reasonable visitation rights; Father to pay child support of $1,136 per month; Father to maintain medical and dental insurance for the Child; and Father to pay Mother alimony of $1,000 per month for 24 consecutive months.  Father filed for reconsideration with the Family Court in May 2019, but was denied.

Approximately nine months later, on February 21, 2020, Father initiated a request to the CSEA to modify his child support obligation.  A proposed Administrative Order was

---

[4](...continued)
adjustment of the child support order more than once in any three-year period if the second or subsequent request is supported by proof of a substantial or material change of circumstances.

[5]     Appellee-Appellee Child Support Enforcement Agency (**CSEA**) filed a "Statement of No Position," and Appellee-Appellee-Custodial-Parent EM (**Mother**) filed a notice that no Answering Brief would be filed.  Father did not file a Reply Brief.

[6]     We ordered supplemental briefing pursuant to HRAP Rule 28(b)(4), and Father and the CSEA were ordered, and Mother was allowed, to file a supplemental brief regarding whether this was Father's "second or subsequent request" for child support modification under HRS §§ 576D-7(e) and 576E-14(d), and whether the correct burden of proof under these statutes was applied by the Family Court and OCSH.  Father's mailed copy of the Order for Supplemental Briefing was returned and filed as "not deliverable" on February 24, 2022. The CSEA and Mother filed their supplemental briefs on March 11, 2022.  Father did not file a supplemental brief.

generated, proposing a child support obligation of $1,041 per month for Father.  Father objected and requested a hearing.

The OCSH hearing was held on June 4, 2020, where Father represented himself, and Mother attended with her attorney.  The Hearings Officer admitted only the Divorce Decree, submitted by the CSEA, into evidence.  The Divorce Decree did not have an attached Child Support Guidelines Worksheet (**Guidelines Worksheet**).[7]  Father argued:  1) his monthly income from his Alabama property should be $77; 2) Mother's income should include alimony she receives; 3) he should be given credit for paying for Child's dental health insurance; 4) Mother should not get credit for child care; and 5) the Hearings Officer should consider utilizing either an extensive timesharing worksheet or an exceptional circumstances worksheet to determine his child support obligation.

At the conclusion of the hearing, the Hearings Officer found that Father failed to meet his burden of proof to establish his monthly gross income, Mother's monthly gross income, and credit for dental care.  The Hearings Officer was thus unable to complete the Guidelines Worksheet, and denied Father's request for a modification.

Father thereafter appealed to the Family Court challenging the OCSH's findings regarding:  1) Father's income; 2) Mother's income; 3) calculating time sharing hours; and 4) the child support amount.  The Family Court construed and applied HRS § 576D-7(e), stating:  "Father can request a modification of his child support obligation within three (3) years of the Family Court Order pursuant to HRS § 576D-7(e), if the request is supported by proof of a substantial or material change in circumstances."  The Family Court affirmed the Administrative Order, concluding in pertinent part as follows:

> [D]espite the harmless errors on some of OCSH's findings and conclusions, as noted above, Father failed to show that

---

[7]     The Hearings Officer noted in the Administrative Order that no Guidelines Worksheet was attached to the Divorce Decree; nor was the worksheet provided at the June 4, 2020 hearing.

there has been a substantial and material change in his circumstances since the May 15, 2019 Decree, which set his current child support obligation at $1,136 per month, to warrant modification of his child support obligation.

Our review of a family court decision on an appeal from an administrative agency determination is a secondary appeal; we must determine whether the family court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g)[8] to the agency's decision. CH v. Child Support Enf't Agency, 149 Hawaiʻi 523, 531, 495 P.3d 373, 381 (App. 2021); see Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (citations omitted) (reviewing circuit court agency appeal). "Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under subsection (5); and an agency's exercise of discretion under subsection (6)." Flores, 143 Hawaiʻi at 121, 424 P.3d at 476 (brackets and citations omitted).

(1) In his first point of error, Father contends that the "court or agency failed to calculate the correct number of days per the [Guidelines] per the Order RE Evidentiary Hearing . . . and [Divorce Decree]." Father argues that:

> the number of over nights [sic] is not calculated correctly by either the court and/or agency. The total number of days every month, is 12 overnight. The mathematical calculation is, 13 4-week segments for each calendar year (52 weeks per year ÷ 4-week cycle = 13 4-week cycle per year), 12 overnights x 13 4-week cycle = 156 overnight [sic] per year.

The Order Re: Evidentiary Hearing is not included in this record, and Father's figures and calculation above, do not appear in the Divorce Decree.

---

[8]    HRS § 91-14 (2012 & Supp. 2019) provides for "Judicial review of contested cases."

The Family Court found that the Hearings Officer did erroneously calculate Father's overnights, but concluded the miscalculation was harmless:

> **Time Sharing.** Father requested that the hearing officer consider an Extensive Visitation Calculation, which requires at least 143 overnights. *Id.* at 52. Although OCSH's calculation of Father's overnights appear to be miscalculated, <u>the error is harmless because the correct calculation based on the Divorce Decree would still yield less than 143 overnights</u>.

(Emphasis added).

The time sharing calculation is a factual finding that we review under the clearly erroneous standard. See <u>P.O. v. J.S.</u>, 139 Hawaiʻi 434, 439, 393 P.3d 986, 992 (2017). A finding of fact is clearly erroneous when the record lacks substantial evidence to support it. <u>Id.</u> In its Decision and Order, the Family Court calculated Father's overnights at "approximately 138 overnights during odd-numbered years, and about 142 overnights during even-numbered years."[9] The Family Court's calculation is

---

[9] The Divorce Decree ordered sole physical custody to Mother, subject to Father's reasonable visitation rights, which the Family Court summarized in its Decision and Order:

- Week 1: Child has 2 overnights with Father
- Week 2: Child has 2 overnights with Father
- Week 3: Child has 4 overnights with Father
- Week 4: Child has 2 overnights with Father
- Child has overnights with Father for either Spring or Fall break every year.
- Child has overnights with Father on Thanksgiving, Christmas, and New Year during even-numbered years.
- Child has overnights with Father on Father's birthday and Father's Day.
- Child has overnights with Father on Child's birthday during odd-numbered years.
- Child has overnights with Father for half of the roughly 3-month summer time.

Based on the Divorce Decree, the Family Court calculated that Father would have:

> *6-8 overnights during two months with Spring and Fall Breaks = <u>13-15 overnights</u> depending on the week of the break Summer months = <u>45 overnights each</u>*

(continued...)

supported by the Divorce Decree, appears accurate, and is not clearly erroneous. See id. The overnights as correctly calculated by the Family Court were still not sufficient to qualify Father for the "Extensive Visitation Calculation" referenced in the Decision and Order. The Family Court did not err in its conclusion of law that the Hearings Officer's calculation error was nevertheless harmless. See id. (reviewing conclusions of law *de novo*).

(2) In his second point of error, Father contends that "the court or agency failed to enforce HRS § 576D-7," due to failure to "enforce" the Guidelines. In his argument, Father asserts that the "amount of alimony received by [Mother] and the imputed amount which was agreed by [Mother]" was a "substantial change in circumstance." In his Statement of the Case,[10] Father challenges Mother's counsel's "erroneous theory that alimony is not taxable and should not be considered in [sic] part of gross monthly income." Father points to the Guidelines, and asserts that the Guidelines "clearly stated that alimony (spousal support) income is included in gross income." However, Father does not refer to, or identify, any finding, conclusion, or ruling, by OCSH or the Family Court, that contains the claimed error regarding alimony. See HRAP Rule 28(b)(4). Father also

_____

[9](...continued)
> *10 overnights during a 4-week cycle for 7 months =* <u>*70*</u>
> *Other holidays and breaks =* <u>*10-12 overnights*</u> *depending on the year. . . .*

(Emphases added).

[10]     While some of Father's argument regarding his challenge to the alimony issue appears in the Statement of the Case rather than in the argument section as required by HRAP Rule 28(b)(7), we have nevertheless considered it. See Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (internal citations, quotation marks, brackets, ellipses omitted) ("[N]oncompliance with Rule 28 does not always result in dismissal of the claims, and this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible. This is particularly so where the remaining sections of the brief provide the necessary information to identify the party's argument.").

argues that the Guidelines were not followed, no child support worksheet was filled out, and no exceptional circumstances were established to deviate from the Guidelines.  These arguments are also untethered to any claimed error in any finding, conclusion, or ruling, by OCSH or the Family Court.  We do not address Father's contention.  See id.

Based on the foregoing, the "Decision and Order Affirming the Administrative Findings and Order and "Notice and Judgment on Appeal," Filed July 8, 2020," both filed on December 21, 2020 by the Family Court of the First Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, March 31, 2022.

On the briefs:

PM, Self-Represented
Appellant-Appellant

Mark T. Nugent
Jorge Keoki R. Cadiz
Deputy Attorneys General
for Appellee-Appellee Child
Support Enforcement Agency,
State of Hawaii

Michael A. Glenn
for Appellee-Appellee EM

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge